IN RE ESTATE OF DONALD L. CHILDS, DECEASED.
JOLENE A. WALLACE, PERSONAL REPRESENTATIVE OF
THE ESTATE OF LESLEY L. CHILDS, DECEASED,
APPELLANT, V. ESTATE OF DONALD L. CHILDS ET AL.,
APPELLEES.
279 N. W. 2d 388

Filed May 29, 1979. No. 41855.

Luebs, Dowding, Beltzer & Leininger, for appellant.

Baylor, Evnen, Baylor, Curtiss & Grimit, for appellees.

Heard before KRIVOSHA, C. J., McCOWN, CLINTON, and BRODKEY, JJ., and STANLEY, District Judge.

PER CURIAM.

This is a wrongful death action brought by the personal representative of a deceased wife against the personal representative of her deceased husband. Lesley L. Childs was the only other passenger in an airplane piloted by Donald L. Childs, her husband, and the petition alleged that the husband's acts of negligence and gross negligence were the proximate cause of an airplane crash which occurred on August 15, 1976, killing both husband and wife.

The District Court, on appeal from a disallowance of the claim by the county court, sustained a demurrer and dismissed the amended petition on appeal. The plaintiff has appealed to this court and the issue is whether the traditional rule of interspousal immunity should be retained in tort actions.

This case is controlled by the case of Imig v. March, *ante* p. 537, 279 N. W. 2d 382, released on the 29th day of May 1979. The judgment is reversed and the cause remanded to the District Court for further proceedings consistent with the opinion in Imig v. March, *supra*.

REVERSED AND REMANDED WITH
DIRECTIONS.

CLINTON, J., dissenting.

I dissent for the reasons stated in my dissent in Imig v. March, *ante* p. 537, 279 N. W. 2d 382.